UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

LAS UVAS VALLEY DAIRIES,

    Debtor.                                                                                             Case No. 11-17-12356 TR

ROBERT MARCUS, Liquidating Trustee,

    Plaintiff,

vs.                                                                                                                         Adv. No. 19-01009 t

LAS UVAS VALLEY DAIRIES, *et al*,

    Defendants.

## ANSWER AND COUNTERCLAIM

*COME NOW* the Defendants Loren and Mitchell Horton, by and through their attorney of record, and for their Objection to Plaintiff's Complaint, *STATE*:

1. Defendants deny the allegations contained in paragraphs 1-4 of the Complaint.

2. Defendants admit the allegations contained in paragraphs 5-17 of the Complaint.

3. Defendants lack sufficient information to admit or deny the allegations contained in paragraphs 18-19, 37, and 67 of the Complaint.

4. Defendants deny the allegations contained in paragraphs 20-36, 38-66, 68-82 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim on which relief can be granted.

2. Plaintiff attacks as preferential transfers payments to employees of the Las Uvas Valley Dairy which were their regular compensation, paid in a timely fashion as it had been in

prior years before the Dairy experienced financial hardships.  These payments were made in the ordinary course of business and are not preferences at all.  11 U.S.C. §547(c).

3. Payments from the Debtor to the General Partners were salary, and were not paid on account of an antecedent debt.

4. The General Partners conveyed new value to the Debtor in consideration of the salary payments.

5. The salary payments were reviewed and approved during the pendency of the bankruptcy proceeding; those determinations constitute the law of this case, and cannot now be collaterally attacked by the Trustee.

6. The Trustee lacks judgment creditor status against assets which are not bankruptcy estate property, such as property owned by general partners of the Debtor.

7. The Trustee has not yet completed liquidating bankruptcy estate assets; claims against the General Partners are premature until that task is completed.

8. It would violate the General Partners's due process rights to allow execution against their assets prior to the liquidation of the Las Uvas assets.

## COUNTERCLAIM

1. Defendants / CounterPlaintiffs (hereinafter "Partners") incorporate the jurisdictional and venue allegations made by the Plaintiff in paragraphs 5, and 11-14 of the Complaint.

2. Plaintiff on information and belief has the Las Uvas Valley Dairy under contract for sale.  This parcel is likely the most valuable bankruptcy estate asset available to pay the claims of creditors.

3. Plaintiff has refused to provide the Partners with any information about the terms

of the sales contract for the Dairy.

4. Partners' long familiarity with the Dairy and its operations lend them unique perspective and understanding in evaluating the market for the Dairy.

5. In addition, Partners have a significant financial stake in the sale of the Dairy, as can be seen by the Trustee's attempt in this adversary proceeding to attach their assets prior to completing his task of administering the available assets of the Debtor.

6. There is a real possibility that instead of seeking in good faith to liquidate Las Uvas assets at the best available prices in order to pay creditors, the Trustee will instead attempt to loot the Partners of their personal assets while neglecting to obtain fair market value for the Dairy assets.

7. The Trustee should be enjoined from further estate administration efforts absent full disclosure of all his efforts to the Partners.

8. To be entitled to a preliminary injunction, the Partners must show (1) a likelihood of success on the merits, (2) a likely threat of irreparable harm to the movant, (3) the harm alleged by the movant outweighs any harm to the non-moving party and (4) an injunction is in the public interest. *Little Sisters of the Poor, Colo. v. Burwell*, 794 F.3d 1151, 1174 (10th Cir. 2015).

9. Partners seek only information about the Trustee's efforts; this is a minimal burden and should in fact be a requirement of a fair liquidation process. There is a likelihood the Partners will succeed in convincing this Court that the Trustee ought not be allowed to operate in secret.

10. To see the threat of irreparable harm to the Movants, the Court need only review the Trustee's allegations and prayer for relief in the Complaint and in the Motion for Injunction. Trustee seeks to execute against the Partners without completing the liquidation of Las Uvas assets. Should the Court allow this procedure there would be no incentive for the Trustee to

obtain fair market value from the liquidation of the Dairy assets.

11. The balance of the harm clearly favors the Partners.  They seek only an orderly, fair and transparent liquidation of the Las Uvas assets, to precede any attempt to collect any so far hypothetical deficiency from them.  Their personal assets are at risk; the harm to the Trustee in entering Partners' requested injunction would only be that he would have to perform his job obligations in public rather than in secret.

12. Partners' requested injunction is clearly in the public interest.  There should be no concern that the Las Uvas assets were sold for inadequate consideration due to negligence or corruption; the disclosure of all relevant information will prevent any such concern from occurring.

**WHEREFORE**, having responded to Plaintiff's Complaint, Defendants pray it be dismissed, and having pleaded their Counterclaim for an injunction against the Trustee, the Defendants pray the Court bar and enjoin any further liquidation by the Trustee unless and until full and fair disclosure of all assets, offers, consideration and value be provided to the Court and to them,  and for such other and further relief as the Court may deem just and proper.

    Respectfully submitted

    Filed electronically  3/22/19
    Michael K. Daniels
    Counsel for Loren & Mitchell Horton
    PO Box 1640
    Albuquerque, NM 87103
    (505) 246-9385; 246-9104 (fax)
    mike@mdanielslaw.com

I hereby certify I sent a true and accurate copy of the foregoing to the following parties on March 22, 2019, through regular mail or through the Court's electronic noticing system, depending on the CM/ECF subscription status of that party.

| | |
|---|---|
| Barry A. Chatz | Clifford C. Gramer |
| 161 N. Clark St., Suite 4200 | 3733 Eubank Blvd. NE |
| Chicago, IL   60601 | Albuquerque, NM   87111 |

Daniel J. Behles
1122 Central SW, Suite 1
Albuquerque, NM   87102

 Certified on   3/22/19
Michael K. Daniels