# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| LAS UVAS VALLEY DAIRIES, a New Mexico ) | |
| General Partnership, ) | Case No. 17-12356-t11 |
| ) | |
| Debtor. ) | Hon. David T. Thuma |
| _____ ) | |
| ) | |
| ROBERT MARCUS, not individually, but solely in his ) | |
| capacity as LIQUIDATING TRUSTEE OF THE ) | |
| LAS UVAS LIQUIDATING TRUST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 19-01009-t |
| ) | |
| LAS UVAS VALLEY DAIRIES, DEAN HORTON, ) | |
| FRANCES HORTON, LOREN HORTON, AND ) | |
| MITCHELL HORTON, ) | |
| ) | |
| Defendants. ) | |

## REPLY IN SUPPORT OF OPPOSED MOTION TO STRIKE ANSWER TO COMPLAINT AND DISQUALIFY DANIEL J. BEHLES AND ASKEW & MAZEL, LLC AS COUNSEL TO THE DEBTOR

Robert Marcus, not individually, but solely in his capacity as successor liquidating trustee (the "Successor Trustee") of the Las Uvas Liquidating Trust (the "Liquidating Trust"), by his counsel, files this reply (the "Reply") in support of his *Opposed Motion* (the "Motion") *to Strike Answer to Complaint and Disqualify Daniel J. Behles and Askew & Mazel, LLC as Counsel to the Debtor* [Docket No. 19] and in opposition to the *Response to Plaintiff's Opposed Motion to Strike Answer to Complaint and Disqualify Daniel J. Behles and Askew & Mazel, LLC as Counsel to the Debtor* [Docket No. 33] (the "Response"). In support of the Motion, the Successor Trustee respectfully states as follows:

1

34884333.1
Case 19-01009-t    Doc 37    Filed 04/30/19    Entered 04/30/19 15:53:22 Page 1 of 11

## INTRODUCTION

The Response meanders through a nearly unintelligible recitation of the background facts before settling at page 6 on the crux of its misplaced argument, that – according to Behles[1] and A&M – "the trustee seeks to add an additional $13 million to the partnership's debt load, which additional judgment is in fact duplicative of the debt it already owes." Response, at ¶ 10 (p.6). This argument completely misconstrues the plain language of the Complaint, section 544(b) of the Bankruptcy Code, and, without any reasoning, views the relief requested in a vacuum outside the facts of this case. Count I of the Complaint seeks a declaratory judgment against the Debtor, as a nominal defendant, to prevent any procedural arguments that section 544(b) of the Bankruptcy Code alone is not enough for the Successor Trustee to secure a judgment against the General Partners pursuant to New Mexico law.

The Successor Trustee has attempted to resolve these matters without further court intervention and explain the clear purpose of Count I to Behles. Unfortunately, Behles is unpersuaded by the actual facts of the matter and insists on continuing to assert interests adverse to the Liquidating Trust and its creditors. The Court should grant the Motion because: (1) the Debtor was included solely as a nominal defendant to preclude any procedural arguments; (2) the Response fails to provide any factual or legal basis for the Answer; and (3) Behles' actions are clearly not in the best interest of all creditors and, seemingly, the Answer was brought only to protect the Hortons. As set forth in the Motion and supported below, the Court should strike the Answer and disqualify Behles and A&M.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed in the Motion.

## RELEVANT BACKGROUND

On March 27, 2019, after Behles refused to withdraw the Answer, the Successor Trustee filed the Motion. The following week, on April 8, 2019, the Court held a status hearing on the underlying adversary proceeding and related litigation with Metropolitan Life Insurance Company. Behles attended the status hearing and, after a meeting with Behles, the Successor Trustee believed a resolution of the matter would be feasible.

On April 16, 2019, Behles filed the Response. The Response had two arguments: (1) that the Debtor is not a nominal defendant in the Complaint since "the trustee seeks to add an additional $13 million to the partnership's debt load, which additional judgment is in fact duplicative of the debt it already owes;" and (2) "Debtor's counsel should not be disqualified" without even addressing Behles' prior representation and appearance on behalf of the Hortons.

On April 24, 2019, the Successor Trustee sent Behles a proposed *Stipulated Order with Respect to Defendant Las Uvas Valley Dairies* (the "Proposed Order"), which resolved Behles' purported (yet, misplaced) issues with the Complaint. A copy of the Proposed Order is attached as **Exhibit A**. The Proposed Order simply provided that:

> The Successor Trustee has all the rights and powers of a judgment creditor of Las Uvas Valley Dairies, a New Mexico General Partnership, as if the Successor Trustee had a judgment against it in an amount of not less than all claims filed in the above-captioned bankruptcy estate (Case No. 17-12356) (the "Judgment").

Exhibit A, at ¶ 3. The Proposed Order also stated, in no uncertain terms, that "Las Uvas Valley Dairies, a New Mexico General Partnership is solely a nominal defendant in the adversary proceeding." Exhibit A, at ¶ 4.

On April 29, 2019, Behles responded with a letter to the Successor Trustee unequivocally refusing to consider the Proposed Order (the "April Behles Letter"). A copy of the April Behles Letter is attached as **Exhibit B**. The April Behles Letter provided, without any clear support,

3

Behles' personal interpretation of a "nominal defendant." According to Behles, "Technically, a nominal defendant is joined because without joinder, complete relief may not be technically possible. I don't see that to be true in this case." Exhibit B, at p. 1. Following his instructions on how the Successor Trustee should prosecute the litigation against the General Partners, Behles provided his legal conclusion that "I don't believe you need even a declaratory judgment against Las Uvas to establish the legal principle that general partners are liable for partnership debts – that's a matter of statutory law." Exhibit B, at p. 2. He then suggested that the Successor Trustee simply dismiss the Debtor as a defendant. Id.

## ARGUMENT

The Court should grant the Motion because: (1) the Debtor was included solely as a nominal defendant to preclude any procedural arguments; (2) the Response fails to provide any factual or legal basis for the Answer; and (3) Behles' actions are clearly not in the best interest of all creditors and, seemingly, the Answer was filed only to protect the Hortons.

**A.      The Debtor is a Nominal Defendant to Preclude any Procedural Arguments**

The Court should grant the Motion and strike the Answer because the Debtor was included solely as a nominal defendant to preclude any procedural arguments. Behles appears to confuse the idea of a "nominal party" with a "necessary party."[2] Black's Law Dictionary defines a "nominal party" as:

> A party to an action who has no control over it and no financial interest in its outcome; esp., a party who has some immaterial interest in the subject matter of a lawsuit and who will not be affected by any judgment, *but who is nonetheless joined in the lawsuit to avoid procedural defects*. • An example is the disinterested stakeholder in a garnishment action.

---

[2] Compare Fed. R. Civ. P. 19(a)(1)(A) ("(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties.") with Exhibit B, at p. 1 ("Technically, a nominal defendant is joined because without joinder, complete relief may not be technically possible.")

4

Black's Law Dictionary "Nominal Party" (18c) (10th ed. 2014) (emphasis added). This definition closely aligns with that used by other courts and the Successor Trustee:

> . . . The paradigmatic nominal defendant is "a trustee, agent, or depository . . . *[who is] joined purely as a means of facilitating collection*" . . . As the nominal defendant has no legitimate claim to the disputed property, he is not a real party in interest.

Okla Dept. of Sec. v. Blair, 231 P.3d 645, 657 (Okla. 2010) (citing SEC v. Colello, 139 F.3d 674, 676 (9th Cir. 1998) (emphasis added); see also SEC v. Cherif, 933 F.2d 403, 414 (7th Cir. 1991) (citing Bacon v. Rives, 106 U.S. 99, 104 (1882) (A nominal defendant is not a real party in interest, however, because he has no interest in the subject matter litigated. His relation to the suit is merely incidental and "it is of no moment [to him] whether the one or the other side in [the] controversy succeed [s].")).

Under section 544(a)(1) of the Bankruptcy Code, the Successor Trustee "steps into the shoes of a hypothetical execution or lien creditor to either avoid transfers or to assert the 'rights and powers' of this hypothetical creditor" In re Behrends, No. 14-1377, 2017 WL 4513071, at *22 (Bankr. D. Colo. April 4, 2017) (citing 11 U.S.C. § 544(a)(1)). This permits the Successor Trustee "to assume the guise of a creditor with a judgment against the debtor." In re Murray, 506 B.R. 129, 138 (B.A.P. 10th Cir.), aff'd, 586 F. App'x 477 (10th Cir. 2014).

In this case, the Debtor was included as a nominal defendant to avoid any procedural defects and to facilitate collection. The Successor Trustee unquestionably may assert the "rights and powers" of a hypothetical creditor and assume the guise of a creditor with a judgment against the Debtor. Id. However, to ensure no procedural defects were in the Complaint, the Successor Trustee added Count I of the Complaint for the Court to confirm that the Successor Trustee had the ability to sue under the New Mexico statutes, not just as a hypothetical creditor

5

34884333.1
Case 19-01009-t    Doc 37    Filed 04/30/19    Entered 04/30/19 15:53:22    Page 5 of 11

of the Debtor, but as an *actual* creditor.[3] This would prevent any of the General Partners from raising a procedural defense. There is no benefit or intent for the Successor Trustee to "add an additional $13 million to the partnership's debt load." Response, at ¶ 10 (p.6).

Additionally, Count I of the Complaint was added to facilitate collection. Section 54-1A-307 of the New Mexico statutes permits the Court to grant "permission to the judgment creditor to levy execution against the assets of a partner based on a finding that partnership assets subject to execution are clearly insufficient to satisfy the judgment." N.M.S.A. § 54-1A-307. Count I serves to determine the claim of the Liquidating Trust against the Debtor and enable the Successor Trustee to levy execution against the assets of the General Partners. It is clear that there would be no collection or additional judgment against the Debtor. The arguments in the Response and April Behles Letter are entirely unfounded and the Court should strike the Answer.

**B.    The Response Fails to Provide any Factual or Legal Basis for the Answer**

The Court should grant the Motion because the Response fails to provide any factual or legal basis for the Answer. The confirmed Plan clearly provided that all of the Debtor's Remaining Assets were transferred on the Effective Date to the Liquidating Trust. Plan, Art. 2.1. Section 7.3 of the Plan further provided that "all . . . other claim[s] or right in favor of the Debtor, are hereby preserved, retained and transferred to the Trust for enforcement by the Liquidating Trustee, who shall have the right to prosecute or settle, and to execute and enforce any judgment or settlement agreement . . ." Plan, Art. 7.3. The only litigation carved out from the transfer of all assets to the Liquidating Trust was the Water Rights Avoidance Action Claim.

Behles fails to provide the Court any actual authority to file the Answer. The Response points the Court to the Confirmation Order authorizing the Debtor to file a claim objection

---

[3] See Complaint, at ¶¶ 44-45 (The Successor Trustee is entitled to a judicial declaration that he is entitled to the rights and powers of a judgment creditor of the Debtor).

against MetLife.  Response, at ¶ 9 (pp. 5-6); however, this argument fails for two reasons: (1) the Confirmation Order did not actually provide Behles authority to prosecute the claim objection; and (2) the Confirmation Order did not give Behles the right to file the Answer.  The Confirmation Order clearly only provided the Debtor the right to file an objection to the claim.  Section 7.3 of the Plan then clearly "preserved, retained and transferred [the claim objection] to the Trust for enforcement by the Liquidating Trustee, who shall have the right to prosecute or settle, and to execute and enforce any judgment or settlement agreement . . ."  Plan, Art. 7.3.  The Debtor has no right to prosecute the claim objection and – even if he did – absolutely no authority to file the Answer.

Behles raises a circular "dog chasing its tail" defense to his unauthorized filing of the Answer.  He asserts that since the Successor Trustee is the only party authorized to represent the Debtor's interest and the Successor Trustee is suing the Debtor, then the Successor Trustee has conflicted himself from prosecuting the action against the Debtor.  Response, at ¶ 9 (p.5).  Not only does this ignore the facts of this case, in which declaratory judgment is sought solely to avoid procedural defenses and facilitate collection, it still does not address Behles' authority to file the Answer.  Behles does not have a client or an authorized agent of the Debtor to authorize the filing of the Answer.  He simply asserts a "due process" argument that a "party who is being sued for $13 million is entitled to defend itself", without informing the Court or Successor Trustee who authorized filing the Answer.  Response, at ¶ 9 (p.5).

As set forth in the Complaint, Motion, the Proposed Order, and this Reply, the Successor Trustee is seeking a declaration that he has the rights and powers of a judgment creditor in the amount of the claims against the Debtor, and not to add an "additional $13,000,000 in debt"

7

34884333.1

Case 19-01009-t    Doc 37    Filed 04/30/19    Entered 04/30/19 15:53:22 Page 7 of 11

against the Debtor. The Court should grant the Motion and strike the Answer because Behles has not provided the Court with any factual or legal basis for filing the Answer.

**C.      Behles' Actions are Clearly Not in the Best Interest of All Creditors**

The Court should grant the Motion and disqualify Behles because his actions are clearly not in the best interest of all creditors and, seemingly, the Answer was filed only to protect the Hortons. The Response and April Behles Letter vehemently argue that the Successor Trustee is attempting to obtain a judgment against the Debtor and add an additional $13 million in debt to the Debtor. Response, at ¶¶ 8-10; Exhibit B, at ¶ 2 ("You seek a $13 million judgment against Las Uvas – that is not nominal.") However, Behles' argument is clearly belied by the plain language of the Complaint, the Motion, and, most recently, the Proposed Order . The Proposed Order simply provided that:

> The Successor Trustee has all the rights and powers of a judgment creditor of Las Uvas Valley Dairies, a New Mexico General Partnership, as if the Successor Trustee had a judgment against it in an amount of not less than all claims filed in the above-captioned bankruptcy estate (Case No. 17-12356) (the "Judgment").

Exhibit A, at ¶ 3. The Proposed Order also stated, in no uncertain terms, that "Las Uvas Valley Dairies, a New Mexico General Partnership is solely a nominal defendant in the adversary proceeding." Exhibit A, at ¶ 4. The Proposed Order would have resolved Behles' unfounded claims. Yet, he still refused to approve the Proposed Order.

Curiously, neither the Response nor April Behles Letter respond to or resolve, in any way, Behles' clear conflict in previously representing the Hortons, and filing an appearance on their behalf, and then filing the Answer on behalf of the Debtor. Behles' actions since the filing the Complaint could only have benefitted the Hortons. First, even if Behles' assertion that the Successor Trustee is seeking a $13 million judgment against the Debtor was true – which it is not – he has failed to demonstrate any benefit his Answer has provided to the creditors or Debtor.

8

34884333.1

Case 19-01009-t    Doc 37    Filed 04/30/19    Entered 04/30/19 15:53:22 Page 8 of 11

The Debtor has no assets and, in reality, no continuing liabilities. The Liquidating Trust has all of the Remaining Assets and the Debtor's creditors are beneficiaries of the Liquidating Trust. Behles' position – if it were true – provides no benefit to the Liquidating Trust or its beneficiaries.

Second, as detailed in the Motion, Behles has continuously asserted arguments in favor of the Hortons and contrary to the benefit of the Liquidating Trust and its beneficiaries. During the bankruptcy case, Behles filed the unconfirmed Debtor Plan expressly precluding creditors from bringing this underlying action against the General Partners. Behles sought to ensure that the Complaint would not be filed against the General Partners. The Debtor's creditors voted against the Debtor Plan. In the Answer, Behles actually answered counts that were only applicable to the General Partners and which have no negative bearing on the Debtor whatsoever (except that, if proven, the counts will increase the value of the Liquidating Trust). Moreover, the Debtor includes, *inter alia*, an affirmative defense that would only benefit the General Partners. See Answer, ¶ 43 ("The Plaintiff owes fiduciary duties to the Horton defendants . . ."). The Answer could only have benefitted the Hortons and negatively affected the Debtor's creditors.

Finally, Behles' actions have only had a negative effect on the Liquidating Trust and its beneficiaries. The Successor Trustee only filed the Motion after Behles refused to withdraw the Answer. Following the April 8, 2019 status hearing, the Successor Trustee thought the parties would work to resolve the issues; however, Behles filed the Response rather than contact the Successor Trustee. Following the Response, the Successor Trustee sent Behles the Proposed Order that, in reality, granted all of the relief Behles sought. Again, in response, Behles sent the April Behles Letter forcing the Successor Trustee to file this Reply. All of Behles' actions have been contrary to the benefit of the Liquidating Trust and its creditors, and have caused the

Successor Trustee to expend trust assets on attorneys' fees in responding to the Answer. None of Behles' actions have been in the interest of the Liquidating Trust and its creditors and, instead, have only benefitted the Hortons.

For the reasons set forth in the Motion and above, the Court should strike the Answer and disqualify Behles. The Successor Trustee would also ask the Court to award attorneys' fees and costs against Behles and A&M based on Behles' actions in filing the Answer without any legal or factual basis in support.

## CONCLUSION

Prior to filing the Motion and after the Response, the Successor Trustee attempted to resolve these matters without court intervention and explain the clear purpose of Count I to Behles. Unfortunately, Behles is unpersuaded by the actual facts of the matter and insists on continuing to assert interests adverse to the Liquidating Trust and its creditors. The Successor Trustee respectfully requests the Court: (1) grant the Motion; (2) strike the Answer; (3) disqualify Behles from representing the Debtor; (4) grant the Successor Trustee attorneys' fees and costs in bringing the Motion, preparing the Proposed Order, and filing this Reply; and (5) for such other and further relief as the Court deems necessary.

Dated: April 30, 2019                    Respectfully submitted,

**SAUL EWING ARNSTEIN & LEHR LLP**

By: /s/ Kevin H. Morse
Barry A. Chatz (admitted *pro hac vice*)
Kevin H. Morse (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR LLP
161 N. Clark Street, Suite 4200
Chicago, IL 60601
Tel: 312-876-7100
Fax: 312-876-0288
E-Mail: kevin.morse@saul.com

## CERTIFICATE OF SERVICE

   I, Kevin H. Morse, an attorney, hereby certify that on April 30, 2019, I caused the foregoing Reply, with all accompanying exhibits, to be served to all parties listed below via the Court's CM/ECF system.

                    /s/ Kevin H. Morse

**SERVICE LIST**

Daniel J. Behles
Email: danbehles@askewmazelfirm.com